Anna M. Simms, Respondent, v. Stamford Hall Company, Appellant.— Order denying motion to vacate service of summons affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

In the Matter of the Application of Clarence Moore Austin for Admission to the Bar. (From the States of North Carolina and Georgia.) — Application granted. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

Cold Spring Light, Heat and Power Company, Appellant, v. Charles M. Selleck and Others, Village Trustees of the Village of Cold Spring, Respondents. (Actions Nos. 1 and 2.) — The decision of this court, handed down on October 5, 1928, is hereby amended to read as follows: Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Stay granted for thirty days, on consent, to enable appellant to apply to the Court of Appeals. Order signed. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

In the Matter of the Application of Catherine Despard, an Applicant for Admission as an Attorney and Counselor at Law.— Motion for admission to the bar and to set aside report of committee on character and fitness and report of Richard H. Levet, Esq., denied, without costs. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

Joseph Truta, Appellant, v. John T. Tomich and Others, etc., Respondents.— Motion to dismiss appeal denied because of the pendency, before the Kings County Special Term of the Supreme Court for the hearing of contested motions, Part 1, of a motion to vacate the judgment. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

Bergen & Smith Holding Corporation, Respondent, v. James J. Ryan and Mrs. James J. Ryan, His Wife, Appellants.— Order denying defendants' motion for judgment on the pleadings reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. We are of opinion that the obligation upon the purchaser or her assignee to secure the landlord's consent to the assignment of the lease is a condition prerequisite to the assignment. Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur.

Isadore Cohen and Ida Cohen, Respondents, v. Samuel Lipstein, Appellant.— Judgment reversed upon the law and the facts, with costs, plaintiffs' complaint dismissed, with costs, and judgment directed in favor of defendant for the equitable relief demanded in his counterclaim. The fence complained of is not an obstruction to the common use of the alleyway between the respondents' and appellant's respective houses and access to the rear yards thereof. Respondents' rear shed encroaches upon appellant's land without lawful warrant and must be removed. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and appropriate conclusions will be made. Lazansky, P. J., Young, Hagarty and Scudder, JJ., concur; Kapper, J., dissents. Settle order on notice.